## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,                CASE NO. 10-20398
                                       HON. DENISE PAGE HOOD

v.

MICHAEL WILLIAM CHASE,

          Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR RELEASE FROM CUSTODY
## PURSUANT TO 18 U.S.C. § 3582
## and
## MOOTING MOTION TO AMEND/CORRECT JUDGMENT
## AND MOTION FOR CLARIFICATION

**I.**    **Introduction**

This matter is before the Court on Defendant Michael William Chase's Motion

for Release from Custody pursuant to 18 U.S.C. § 3582.  The Government filed a

response on October 11, 2021.  A reply was filed to the response by Defendant on

October 14, 2021.  A hearing was held on the matter on October 12, 2021.  For the

reasons set forth below, the Court grants the motion.

Defendant entered a guilty plea to two counts in the Indictment (Count 1, Felon

in Possession of a Firearm, 18 U.S.C. § 922(g), and Count 2, Possession with Intent

to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1)) on November 9, 2010. (ECF No. 14)  On March 10, 2011, the Court imposed its sentence that Defendant serve 120 months on Count 1 and 121 months on Count 2, to be served concurrently, followed by 3 years of supervised release on each count, to be served concurrently. (ECF No. 17, PageID.55-57)

Prior to serving his term of imprisonment with the Bureau of Prisons ("BOP"), Defendant was returned to the custody of the State of Michigan for charges which arose from an October 26, 2009 incident, unrelated to the federal charge and conviction.  The State sentenced Defendant on April 25, 2012, to serve a term of imprisonment of six to 15 years in the Michigan Department of Corrections ("MDOC").  Defendant was returned to the custody of United States Marshals to serve his federal sentence on April 25, 2018.  The BOP did not credit Defendant's term of imprisonment with the sentence served with the MDOC since this Court's Judgment did not specifically address the State sentence in its Judgment.

The October 26, 2009 incident was not noted in Defendant's Pre-Sentence Report.  At the time of sentencing on March 10, 2009, the Court had no knowledge of the State arrest and the subsequent State charges, which were apparently brought the same day Defendant was sentenced in federal court, although the Court notes that such was not sworn to until November 7, 2011.  (ECF No. 27, PageID.138)

2

The Court and the parties have since attempted to resolve this matter.  It was the Court's understanding that the Government did not object to a letter to be sent by the Court to the Bureau of Prisons indicating this Court's recommendation that the BOP give Defendant retroactive concurrent designation for the prison time he served in state custody – 2,415 days, from September 14, 2001, through April 25, 2018.  (ECF No. 27, PageID.150)  The Court drafted the letter and circulated such to counsel.

Defendant has now sought administrative remedies through the BOP.  The BOP acknowledged receipt of Defendant's reduction-in-sentence request on June 22, 2021, but Defendant received no response to his request.  (ECF No. 27, PageID.147)  Since exhaustion of his administrative remedies, Defendant filed the instant motion under the First Step Act, 18 U.S.C. § 3582(c)(1)(a).

The Government responds that the Court has no jurisdiction to review the motion under Rule 35 of the Rules of Civil Procedure since the 14-day period from the entry of judgment or Rule 36 because there was no clerical error in the Judgment. The Government also argues 28 U.S.C. § 2255 is unavailable since the one-year statute of limitations has passed.  The Government further argues that Rule 59(e) of the Rules of Civil Procedure is also unavailable because more than 28 days has passed from the entry of the Judgment.  The Government claims the Court has no authority under 18 U.S.C. § 3585(b) because only the BOP has the authority to calculate

sentence credits for time served before sentencing.  The Government asserts that Defendant may seek judicial review of the computation of time credit by the BOP by filing a case under 28 U.S.C. § 2241 before the federal district court having jurisdiction over his custodian, and not before this district.

Defendant replied that he did not raise any of the avenues addressed by the Government's response.   Instead, he filed the motion under 18 U.S.C. § 3582(c)(1)(A)(i) to seek relief from the Court based on extraordinary and compelling reasons to warrant a sentence reduction in this instance.  Because Defendant filed the instant motion under 18 U.S.C. § 3582(c)(1)(A)(i) the Court only addresses the arguments raised under that statute below.

## II.   Analysis

In resolving motions for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020);  *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020).  A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. U.S.S.G. § 1B1.13; *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021)

4

(citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).   A defendant must first exhaust all administrative remedies, or, alternatively, wait 30 days after the warden's first receipt of the request.   18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).   Defendant claims he has exhausted his administrative remedies and has submitted such proof.

As to whether there is extraordinary and compelling circumstances to merit a sentence reduction in this case, Defendant argues that he should have received credit for the six years he served in the MDOC.   He did not arrive at the federal detention facility where his sentence in this Court was to be served until April 25, 2018, approximately six years and one month after he was sentenced by this Court.   Because the Judgment did not indicate that Defendant was to be given credit for the six years he served with the MDOC, the BOP defaulted to the statutory language that Defendant commence his term of imprisonment, without any credit for the MDOC custody.

Defendant argues that the Supreme Court in *Setser v. United States,* 566 U.S. 231, 236 (2012), makes clear that the sentencing courts have the inherent authority to order a federal sentence to be served either concurrently with or consecutively to a state sentence that is yet to be imposed.   "Moreover, when the district court's failure to anticipate developments that take place after the first sentencing produces unfairness to the defendant, the Act provides a mechanism for relief" in 18 U.S.C. §

3582(c)(1)(A). *Id.* at 242-43.

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *See United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted).

The Government argues that based on the recent Sixth Circuit case, *United States v. Hunter,* 12 F. 4th 555 (6th Cir. 2021), Defendant cannot meet the extraordinary and compelling reasons standard to reduce Defendant's sentence because "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction.'" *Id.* at 562. The Government claims that Defendant knew he had been arrested for the October 26, 2009 automobile accident resulting in a death of a young man. The fact that he was arrested existed at the time of Defendant's sentencing argues the Government.

Defendant replies that Defendant may have been arrested back in October 26,

2009 when the accident occurred, but Defendant was not charged with a crime until March 10, 2011.  The State prosecutor did not do anything until March 10, 2011, the same date as Defendant's date of sentencing in this instant case, to charge  Defendant with a crime.  The arrest warrant was authorized on March 10, 2011 and sworn to on November 7, 2011.  (ECF No. 27, PageID.137-38.  The Pre-Sentence Report did not note the State crime charged since it did not exist at the time the Report was submitted to the Court, nor at the time of sentencing.  Defendant argues that it may be that further investigations were ongoing until the arrest warrant was authorized, but neither the defense nor the Government have any further information as to what occurred at the State level since they have been unable to make contact with the prosecutor.

After reviewing the parties' submission and arguments, the Court finds that extraordinary and compelling reasons exist in this instance.  If the Court had knowledge of the October 26, 2009 incident prior to imposing its sentence, the Court most likely would have considered any sentence it imposed to be concurrent with any sentence to be imposed by the State of Michigan.   The State authorized an arrest warrant on Defendant with the crimes based on the October 26, 2009 incident on the same day as this Court pronounced its sentence–March 10, 2011.  Defendant was thereafter taken into State custody to face the State charges, was sentenced and served six years in the MDOC, prior to serving his federal sentence.  The "fact" that

Defendant was charged with a State crime did not exist at the time Defendant was sentenced.

As noted by *Hunter*, "the facts that existed at sentencing–such as the 'nature and circumstances of the offense,' [and] the defendant's background," may only be considered as part of a district court's § 3553(a) analysis. *Id*. at 569.  The Court did not have the opportunity to consider Defendant's State charges as part of Defendant's background as part of its § 3553(a) analysis when it imposed its sentence.  The Court (and it appears the Government, the defense and Probation) had no knowledge of the State charges which were authorized (sworn to on November 7, 2011) on the same day as the imposition of the sentence.  It is true that Defendant himself had knowledge of the October 26, 2009 incident.  However, there is no evidence presented to this Court that Defendant was in fact arrested at that time.  It appears that such arrest was not on any law enforcement data system since there was no information of such in the Presentence Report prepared by Probation.  The Government also appears to have no knowledge of any October 26, 2009 arrest which it could have obtained such knowledge when Defendant was initially arrested in this matter in June 2010.

Even if Defendant was arrested in October 26, 2009 at the time of the incident, there is no evidence presented to this Court that the State considered charges against him until the charges were in fact authorized on March 10, 2011.  The Court finds that

8

it is unfair and unjust to the Defendant that the Court was unable to consider the State

charges as part of its analysis when Defendant was sentenced.  The Court now

exercises its discretion to reconsider Defendant's sentence under § 3582(c)(1)(A),

finding extraordinary and compelling reasons exist in this instance for the Court to

consider whether it would have ordered Defendant's federal sentence to be served

with any State sentence, which at that time was yet to be determined.

The second step requires that the sentencing court consider the sentencing

factors set forth in 18 U.S.C. § 3553(a)(1):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>> (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into

amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g), are in effect
on the date the defendant is sentenced; ...

\* \* \*

(6) the need to avoid unwarranted sentence disparities among defendants
with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553 (West)

In sentencing Defendant, the Court reviewed these factors thoroughly prior to

imposing the sentence and continues to adopt those findings in this Order.  (ECF NO.

25, PageID.93-104)  The Court found and continues to find that the sentence imposed

reflected the seriousness of the offense, promoted respect for the law, and provided

just punishment for the offense.  Because the Court was not aware of the possibility

of State charges to be brought against Defendant, the Court did not impose its

sentence concurrent to any possible State sentence.  The Court finds that this resulted

in irreparable harm to Defendant and an injustice because Defendant did not benefit

from serving a federal sentence to be served concurrent with a State sentence which

had yet to be determined at the time of sentencing.  If a concurrent sentence would

have been imposed by this Court, which would have began on September 14, 2011,

to be served concurrently with the State sentence which ended on April 25, 2018, with

the 120 months sentence imposed by this Court, Defendant would now have

completed his term of imprisonment with the BOP and would now be serving his term

of supervised release.

The State charges would have been a part of the Court's analysis of Defendant's history and characteristics. The Court already acknowledged at sentencing that he had an extensive juvenile record, two violent offenses with a weapon, and had extensive history of drug abuse and mental health problems. Defendant eventually entered a plea of guilty to Operating a vehicle while under the influence causing death, which resulted in sentence of a term of 6 to 16 years. This is a serious offense and unfortunately further showed that Defendant at that time not only had a drug problem, but also an alcohol abuse problem. Because Defendant took responsibility and pled guilty to this charge, he understood the gravity of what occurred. If the Court would have known about this State charge, the Court finds that any sentence it would have imposed, the Court would have ordered the sentence to be served concurrently with the State charge and with the MDOC. Any undischarged federal sentence would have then been served with the BOP. Because the Court no longer has the opportunity to impose such a sentence, the Court now sentences Defendant to time served.

## III.   Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Compassionate Release from Custody pursuant to 18 U.S.C. § 3582 (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend/Correct Judgment

11

(ECF No. 18) and the Motion for Clarification (ECF No. 22) are rendered MOOT.

IT IS FURTHER ORDERED that Defendant's previously imposed sentence of imprisonment of 120 months on Count 1 and 121 months on Count 2, to be served concurrently, is reduced to time served.

IT IS FURTHER ORDERED that the Bureau of Prisons begin the process of releasing Defendant to serve his term of supervised release forthwith, but this Order may be STAYED for up to fourteen days, for the verification of Defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release.  There shall be no delay in ensuring verification of Defendant's residence and/or establishment of a release plan, and to make travel arrangements.  If more than fourteen days are needed, the parties shall immediately notify the Court.

IT IS FURTHER ORDERED that the previously imposed conditions of supervised release are unchanged.

IT IS FURTHER ORDERED that Defendant, and/or his counsel, must provide the complete address where the Defendant will reside upon release to the probation office in the District where Defendant will be released.

IT IS ORDERED.

s/Denise Page Hood
CHIEF UNITED STATES DISTRICT JUDGE

DATED: November 9, 2021